John T. Gordon and Lois S. Gordon v. Commissioner.
Gordon v. Commissioner
Docket No. 655-66.
United States Tax Court
T.C. Memo 1967-92; 1967 Tax Ct. Memo LEXIS 167; 26 T.C.M. (CCH) 447; T.C.M. (RIA) 67092; April 28, 1967
E. James Hopple, 42 E. Gay St., Columbia, Ohio, for the petitioners. Clarence E. Barnes, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1963 in the amount of $635.49. The sole issue is whether petitioner husband is entitled to dependency exemptions under section 151 [1] for his four children in 1963. Findings of Fact John T. Gordon and Lois S. Gordon are husband *168 and wife and had their legal residence in Columbus, Ohio, at the time of filing the petition herein. They filed a joint Federal income tax return for 1963 with the district director of internal revenue, Cincinnati, Ohio. Any reference to "petitioner" shall be to John, Lois being a party to this proceeding solely by reason of having filed the joint return with John. Prior to his marriage to Lois, petitioner had been married to Viola J. Gordon. Petitioner and Viola had four children: Barbara Lynn, John T., Stanley, and Bradley, ages 16, 12, 11, and 9, respectively, during 1963. Petitioner and Viola entered into a separation agreement on August 24, 1960 and were divorced on August 26, 1960. The separation agreement, which was incorporated in the divorce decree, provided for the following: 1. Petitioner agreed to pay $40 per month per child as child support for the first year that the agreement was in effect and thereafter to pay $56.25 per month per child until death, marriage, or attainment of the age of 18. He also agreed to pay extraordinary medical expenses of the children. 2. Petitioner agreed to continue to pay the premiums on two insurance policies on his life and not to *169 change the beneficiaries, which were the four children, without their consent. 3. Custody of the children rested in Viola, petitioner being entitled to visitation rights. During 1963, the children lived with Viola in Greeley, Colorado. Petitioner furnished a total of $2,860.52 for the support of his four children during 1963 as follows: Barbara Lynn
$721.38
John T.
721.38
Stanley
711.38
Bradley
706.38
In July 1963, petitioner spent $289 for travel expenses from Greeley to Columbus and the rental of a cottage in order for the children to spend a part of their summer vacation with him. Opinion In order for petitioner to succeed herein, he must prove that the amounts he furnished for the support of the four children in 1963 constituted more than one-half of the total amount expended for their support. Section 152(a); . Aside from petitioner's own testimony as to the number of rooms in the house at Greeley, that the children went to public school, and his understanding that he furnished more than half the support, the record herein is devoid of any evidence as to the circumstances under which the children *170 lived. We have no way of determining the rental value of the house, the amount spent for food and clothing for the children, the amount expended for general medical purposes, etc. The record does indicate that Viola worked, but there is no evidence as to her earnings or as to any sums which she may have received from others for the support of herself and/or the children. If Viola's resources reached slightly more than $90 a week, a not-unlikely level, the amount furnished by petitioner would presumably be less than half the amount of the total support. Nor is petitioner's position improved if we give him credit for the $289 he spent in respect of the 1963 vacation or certain sums which he claimed to have paid with respect to life insurance and endowment premiums - a credit to which he would not appear to be entitled in any event. . The long and short of it is that we do not have any basis for determining either a range or the maximum amount expended for the total support of the children. (Apr. 19, 1967). Under the circumstances, we have no choice but to hold that petitioner is not entitled *171 to any dependency deductions for 1963. We note that the record herein indicates the likelihood that respondent, in his zealousness to protect the revenue, has played both ends against the middle by apparently denying the dependency exemptions for 1963 to Viola as well. If such is the case, the instant situation is another in a long series of examples of the harshness of the law in the dependency area. Cf. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩